**Samuel P. LEVERETTE**

v.

**UNITED STATES.**

No. 47–53.

United States Court of Claims.
March 5, 1958.

Samuel P. Leverette, pro se.

Kandall M. Barnes, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

LITTLETON, Judge.

This case is now before us for the second time. In an opinion of May 1, 1956, 142 F.Supp. 955, 135 Ct.Cl. 207, we disposed of all issues concerned with plaintiff's claim for pay alleged to be due him as a result of his employment by the Government service. Recovery was denied, and plaintiff's motion for summary judgment was denied while a like motion by defendant was granted.[1]

The case is now before us on another motion by defendant for summary judgment on its counterclaim against plaintiff in the sum of $570.06. This amount represents interest computed at the rate of 6 percent per annum, as permitted under the laws of the District of Colum-

---

[1] Plaintiff's motions for reconsideration were denied on July 12, 1956, and March 6, 1957. His motion for leave to file a third like motion was denied on November 15, 1957.

bia and Virginia, on notes executed by plaintiff relative to loans, the payment of which had been guaranteed by the defendant through the Federal Housing Administration. These notes were paid by that agency upon plaintiff's default upon application by the lending bank.

On January 26, 1949, and March 4, 1949, plaintiff and his wife jointly and severally undertook to pay on specific dates to the Union Trust Company of Washington, D. C., certain sums of money borrowed by them from said bank. On March 10, 1949, a similar undertaking was established with the Arlington Trust Company, Arlington, Virginia. The payments of each of the loans by plaintiff and his wife were guaranteed by the defendant through the Federal Housing Administration under the authority of Title I, National Housing Act of June 27, 1934, 48 Stat. 1246, as amended, 12 U.S.C.A. § 1703.

Plaintiff defaulted on three of his obligations on December 10, 1949, November 7, 1949, and August 17, 1949, respectively. Because of said defaults and pursuant to the agreement of guarantee between the banks and the Federal Housing Administration, the obligations of plaintiff were paid by the United States. The defendant by such payments became entitled to reimbursement therefor from plaintiff. On October 11, 1954, plaintiff had reimbursed defendant in full the principal amount of the three loans but did not make payment of claimed interest of 6 percent per annum on the loans from the dates of default until payment of the principal amounts on October 11, 1954, in the total amount of $570.06.

Plaintiff's defense to the counterclaim is twofold. First, in effect, rearguing the merits of his claim for pay which was disposed of in the court's prior opinion, plaintiff urges that his default in making payment on the three notes was due to his employment difficulties brought about by defendant's wrongful actions in three times removing him from his Government position. It appears to be plaintiff's position that although he was restored to his job on each occasion, the intervening periods of unemployment and the loss of earnings caused him to default on his notes and that he should accordingly be relieved from making payment on those notes. Plaintiff next argues that in any event he should not be required to pay interest at the rate of 6 percent per annum because the defendant, in acquiring the notes from lending institutions, paid interest only at the rate of 4 percent per annum. Plaintiff also points out that the interest paid by the Government was computed only for the period from the date of default by the plaintiff until the date when application for reimbursement was made by the banks. Under plaintiff's theory defendant's recovery on its counterclaim should be limited to interest at the rate of 4 percent for the shorter period and would amount in all to $43.98.

■ A claim for interest in a case such as this is not necessarily determined upon some formula or rigid theory but may be viewed in the light of what is fair and just, and that is true even where the Government is the party asserting the right, to recover payment of interest. The Supreme Court in its discussion of this question in Board of Commissioners of Jackson County, Kan. v. United States, 308 U.S. 343, at page 350, 60 S.Ct. 285, at page 288, 84 L.Ed. 313, stated as follows:

> "In ordinary suits where the Government seeks, as between itself and a private litigant, to enforce a money claim ultimately derived from a federal law, thus implying a wish of Congress to collect what it deemed fairly owing according to the traditional notions of Anglo-American law, this Court has chosen that rule as to interest which comports best with general notions of equity."

■ In applying that rule here we find merit in plaintiff's position that his default on the notes was at least in part due to his employment difficulties with defendant. On three occasions he was

illegally removed from his position with the Government, and while on appeal in each instance he was restored to his job and given his back pay, it is not unexpected that the periods of removal caused financial difficulties for him. While he defaulted on the first of the notes in August of 1949, some three months before his employment difficulties, his default on the remaining notes occurred after those difficulties arose. While it was not until 1954, some three years after his final restoration, before defendant. received final payment of the principal amounts in full, plaintiff did shortly after his restoration in 1951 begin to make periodic payments which payments continued until payment of the principal debt was made in full.

Viewed in the above light and applying the rule above stated, we hold that defendant is entitled to interest for only the period of March 26, 1951, the date of plaintiff's final restoration, to October 11, 1954, on which date plaintiff made the final payment in full of principal.

The 4 percent rate of interest which plaintiff urges should be applicable to him is provided for in Federal Housing Administration regulation, 24 CFR 201.11(e), (2), which provides for the payment by that agency to the insured or lending institution of "interest at the rate of 4 percent per annum from the date of default to the date of the application for reimbursement of the loss sustained." This regulation, which in effect provides the rate at which notes may be discounted when taken over by the agency, is, as defendant asserts, a matter between the lending institution and the agency, but is immaterial insofar as plaintiff's position as maker is concerned. As would be the case of any other individual in a like position, defendant is entitled to "request" interest of the debtor at the lawful rate for the period of the debtor's withholding of payment. In this case defendant requested interest at the lawful rate of 6 percent per annum as it was entitled to do.

On the basis of figures supplied by defendant in an affidavit of an official of the Federal Housing Administration and on the basis of the views expressed hereinbefore, we hold that defendant is entitled to recover from the plaintiff interest at the rate of 6 percent per annum from March 26, 1951, to October 11, 1954, amounting to $331.48. Defendant's motion for summary judgment will accordingly be granted in part and judgment will be entered for defendant on its counterclaim against plaintiff in the amount of $331.48. Plaintiff's cross motion for summary judgment dismissing the counterclaim is denied and plaintiff's petition on the merits is dismissed.

It is so ordered.

REED, Justice (Ret.), sitting by designation; JONES, Chief Judge, and MADDEN, Judge, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.